UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

           Plaintiff,

v.

Seth Ryan Mose,

           Defendant.

_____/

No. 19-CR-20014

Hon. Thomas L. Ludington

Offenses:
Count 1
18 U.S.C. § 2252A(a)(2) and (b)(1)
Distribution and Receipt of Child
Pornography

Count 3
18 U.S.C. § 2422(b) and 2
Coercion and Enticement of a Minor

**Maximum Penalty:**
20 Years Imprisonment (Count 1)
Life Imprisonment (Count 3)
**Maximum Fine:**
Not to exceed $250,000
**Mandatory Supervised Release:**
Life

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

Seth Ryan Mose and the government agree as follows:

1.    **Guilty Plea**

    A.    **Counts of Conviction**

Defendant will enter a plea of guilty to Counts One and Three of the First

Superseding Indictment, which charges him with distribution and receipt of child

pornography and coercion and enticement of a minor, in violation of 18 U.S.C. §

2252A(a)(2) and (b)(1) and 18 U.S.C. § 2422(b) and 2.

    B.    **Elements of Offense(s)**

The elements of Count One are as follows:

        (1) The defendant knowingly distributed and received any child

        pornography, i.e., any visual depiction of a minor engaged in sexually

        explicit conduct as defined by 18 U.S.C. § 2256;

        (2) The defendant knew that the material was or contained child

        pornography;

        (3) By using any means or facility of interstate or foreign commerce,

        the child pornography was shipped or transported in or affecting

        interstate or foreign commerce by any means, including by computer.

The elements of Count Three are as follows:

        (1)    The defendant knowingly used a facility or means of interstate

        commerce to persuade, induce, entice or coerce an individual under the

        age of 18 to engage in sexual activity;

- 2 -

(2)     The defendant believed that such individual was less than 18

years of age; and

(3)     The defendant could have been charged with a criminal offense

for engaging in the specified sexual activity.

C.     **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty

pleas:

Between February 2, 2018, and June 12, 2018, while living in or near

Gladwin, Michigan, Eastern District of Michigan, Northern Division, Seth Ryan

Mose knowingly distributed and received child pornography, as defined in Title 18,

United States Code Section 2256, by using his computer, cellular telephone and the

Internet. Searches of Mose's cellular telephone, laptop, and Dropbox, Google and

Yahoo accounts revealed that Mose possessed, distributed or received

approximately 387 photographs and 102 videos containing visual depictions of

sexually explicit conduct involving minors. The images depicted children in various

states of undress engaging in sexual acts, some with adults, or posing in a sexually

suggestive manner, to include sadistic depictions, such that an outsider would

perceive the images as depicting the infliction of pain or humiliation on the minors.

A majority of the images depicted prepubescent children, infants and toddlers.

Mose knew the material he possessed, received and distributed contained child

- 3 -

pornography. He shared child pornography with other individuals on various social networks and chat rooms, using the Internet, his laptop and cellular telephone, in exchange for other child pornography. According to the National Center for Missing and Exploited Children (NCMEC) records, at least 72 of the images contained an identified child. In private chats with other individuals, Mose stated he raped a 12-year-old and one or more 8-year-old girls and provided explicit details. He also often talked about planning to "snatch" a girl and take her to an isolated location in Gladwin for sexual exploitation.

In an interview on August 10, 2018, near his residence in Midland, Eastern District of Michigan, Mose admitted to possessing, receiving and sharing child pornography using his Dropbox, Yahoo, Google, Kik, Whisper, and Tumblr accounts. He noted he traded child pornography, but, after a while, it started to bother him what was going on and the conversations. He estimated his criminal conduct started several years ago, the number of child pornography files he had shared is in the thousands, and the number he had received is in the tens of thousands. He stated he regularly deleted his child pornography, and that several of his online accounts were disabled because of his illegal activity. He admitted to receiving and sharing child pornography while living in Gladwin and elsewhere from his cellphone, which connected to the Internet. He stated he masturbated to child pornography and his youngest age preference was 7 or 8.

- 4 -

Mose consented to a search of his Apple iPhone, Model A1661, Serial # FCJ30BAHFXW, Toshiba laptop Serial # 6E312867P with a 750 GB hard drive, and Western digital 320 GB hard drive Model WD3200BEK, Serial # WX90A99N9123. The iPhone and the laptop contained child pornography files, and the hard drive contained a torrent file entitled Teen.Lolitas that was located in the unallocated space on the device.

Mose also admitted to having sexual contact with a 12-year-old girl in Ohio in the fall of 2014, when he was 30 years old and resided in Monroe, in the Eastern District of Michigan. One of the individuals with whom he was trading child pornography on Kik found out where he lived and gave him a 12-year-old girl's Kik username because she lived close to him. Mose started communicating with the girl, hereinafter MV, on Kik and Skype, using his cellphone, computer and the Internet. In order to befriend MV, they talked about Goth art, and MV's favorite Animes and My Little Pony collection. Mose knew MV was only 12 years old, but sent her multiple pictures of his penis and requested nude pictures of MV. He claimed that although she had sent him many pictures of herself, he no longer had the device he used to communicate with her and the Kik account was disabled. After talking over the Internet daily for approximately one to two weeks, Mose requested to see MV to show her some "stuff" in person. One night in September 2014, when her mother was not at home and her grandparents looked after her, Mose visited MV at her

- 5 -

house in Ohio. Mose drove for approximately 2.5 hours from Monroe to MV's house, where he arrived at around 1 a.m. MV and Mose went in the horse pasture behind the barn at her residence. After talking for a while, Mose told MV he wanted to have sex and forced her head down, by grabbing her hair so forcefully that it bruised her scalp, to perform oral sex on him. Mose also took off her clothes and performed oral sex on her. He also tried to penetrate her vagina with his penis; he brushed the opening and slightly penetrated. After the sexual conduct, they talked for a little bit and he left. Mose messaged MV after this and said he did not want to talk to her anymore and deleted his Kik account. They never communicated again after that. Mose could have been charged with rape under the Ohio Revised Code § 2907.02(A)(1)(b), which provides that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies. . . (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."

2.   **Sentencing Guidelines**

   A.   **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

- 6 -

B.   **Agreed Guideline Range**

For the purposes of this plea agreement, the parties stipulate and agree that

the guideline calculations in the attached Worksheet A are correct, with the

exception of the enhancements under USSG § 2G2.2(b)(3)(B). The government

believes that defendant distributed child pornography in exchange for any valuable

consideration, i.e., other child pornography, and a 5-level enhancement is

appropriate under USSG § 2G2.2(b)(3)(B). However, defendant reserves the right

to argue that an enhancement under USSG § 2G2.2(b)(3)(B) should not apply. The

parties stipulate to the accuracy of the offense scoring in the attached guideline

worksheets in all other respects.

The government recommends that the court determine that defendant's

guideline range is 235 to 293 months, as set forth on the attached worksheets.

Defendant recommends that the court determine that his guideline range is 151 to

188 months. The court is not bound by either party's recommendation concerning

the guideline range, and defendant understands that he will not have a right to

withdraw his guilty plea if the court does not follow his recommendation.

If the Court finds:

> 1.  that defendant's criminal history category is higher than reflected
>
>     on the attached worksheets, or

- 7 -

> 2. that the offense level should be higher because, after pleading
>    guilty, defendant made any false statement to or withheld
>    information from his probation officer; otherwise demonstrated a
>    lack of acceptance of responsibility for his offense; or obstructed
>    justice or committed any crime,

and if any such finding results in a guideline range higher than 235 - 293 months, or
151-188 months, respectively, the higher guideline range becomes the **agreed**
**range**. However, if the Court finds that defendant is a career offender, an armed
career criminal, or a repeat and dangerous sex offender as defined under the
sentencing guidelines or other federal law, and that finding is not already reflected
in the attached worksheets, this paragraph does not authorize a corresponding
increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is
different from any position of that party as reflected in the attached worksheets,
except as necessary to the Court's determination regarding subsections 1) and 2),
above.

3.   **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing
so must consider the sentencing guideline range.

A.   **Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B. However, the Court must impose a sentence of imprisonment on Count One (Distribution and Receipt of Child Pornography) of at least 5 years and not more than 20 years imprisonment, and on Count Three (Coercion and Enticement of a Minor) of at least 10 years and not more than life imprisonment.

B.   **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case is life. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.   **Special Assessment**

Defendant will pay a special assessment of $5,200.00 at the time of sentencing.

D.   **Fine**

There is no agreement as to fines.

- 9 -

E. **Restitution**

The Court may order restitution to every identifiable victim of defendant's offense and all other relevant conduct. There is no agreement on restitution. If the court orders restitution, the court will determine who the victims are and the amounts of restitution they are owed.

F. **Forfeiture**

As part of this agreement, pursuant to 18 U.S.C. § 2253 and/or 18 U.S.C. § 2428(a)-(b), defendant agrees to forfeit his interest in the following:

1. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

2. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of violations of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) and/or 18 U.S.C. §§ 2422(b) and (2); and

3. Any property, real or personal, used or intended to be used to commit or to promote the commission of violations of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) and/or 18 U.S.C. §§ 2422(b) and (2) including, but not limited to the following property seized from defendant:

   • one Apple iPhone, Model A1661, Serial # FCJ30BAHFXW;

- 10 -

- one Toshiba laptop, Serial # 6E312867P, with a 750 GB hard drive; and

- one Western digital 320 GB hard drive, Model WD3200BEK, Serial # WX90A99N9123,

Collectively, the "Subject Assets."

In entering into this agreement with respect to forfeiture, Defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Assets as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4.   **SORNA/Adam Walsh Act**

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

5.   **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

- 12 -

6. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 293, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 155 months, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

7. **Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

- 13 -

8.    **Collateral Consequences of Conviction**

Defendant understands that his convictions here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

9.    **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10.    **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11.    **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 04/29/2019. The government

- 15 -

reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney


Anthony Vance
Assistant United States Attorney
Chief, Branch Offices

Anca Pop
Assistant United States Attorney

Date: 04/23/2019

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.


John E. Melton
Attorney for Defendant

4-26-19 .

Date

Seth Ryan Mose
Defendant

4/26/2019

Date

# WORKSHEET A
# OFFENSE LEVEL

Defendant **SETH RYAN MOSE**                    District/Office **Eastern District of Michigan**

Docket Number **19-CR-20014**

Count Number(s) **1 & 3**          U.S. Code Title & Section **18** : **2252A(a)(2) & (b)(1)** ; **18** : **2422(b)**

*Guidelines Manual* Edition Used: 20**18** (Note: The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

## INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions:* Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (*See* Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2G2.2(a)(2) | receipt/distribution of child pornography | 22 |
| 2G2.2(b)(2) | material involved a prepubescent minor | +2 |
| 2G2.2(b)(3)(B) | distribution in exchange for any valuable consideration, i.e., other child pornography | +5 |
| 2G2.2(b)(4) | material portrays sadistic conduct or sexual abuse of infant or toddler | +4 |
| 2G2.2(b)(6) | use of computer | +2 |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.

Sum [ ]

### 2. Victim-Related Adjustments (*See* Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§ _____  [ ]

### 3. Role in the Offense Adjustments (*See* Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".

§ _____  [ ]

### 4. Obstruction Adjustments (*See* Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§ _____  [ ]

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.

[ ]

[ ] Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[✓] If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

## WORKSHEET A
# OFFENSE LEVEL

Defendant **SETH RYAN MOSE**                District/Office Eastern District of Michigan

Docket Number 19-CR-20014

Count Number(s) 1 & 3            U.S. Code Title & Section 18 ; 2252A(a)(2) & (b)(1) ; 18 ; 2422(b)

*Guidelines Manual* Edition Used: 20**16** (*Note:* The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

### INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions:* Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on
aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive
count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (See Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the
bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2G2.2(b)(7)(D) | offense involved 600 or more images | +5 |
| | | |
| | | |
| | | |
| | | |

If the Chapter Two guideline requires application of a cross reference or other
reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.          Sum | **40** |

### 2. Victim-Related Adjustments (See Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable,
list each section and enter the combined adjustment. If no adjustment is applicable,
enter "0".                                                                 §_____  [ ]

### 3. Role in the Offense Adjustments (See Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable,
list each section and enter the combined adjustment. If the adjustment reduces the
offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is
applicable, enter "0".                                                       §_____  [ ]

### 4. Obstruction Adjustments (See Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable,
list each section and enter the combined adjustment. If no adjustment is applicable,
enter "0".                                                                  §_____  [ ]

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations
listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on
Worksheet D, Item 1.                                                                        [ ]

[ ]  Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one
Worksheet A. If so, no Worksheet B is used.

[✓]  If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

## WORKSHEET A
# OFFENSE LEVEL

Defendant __SETH RYAN MOSE__                             District/Office __Eastern District of Michigan__

Docket Number __19-CR-20014__

Count Number(s) __1 & 3__          U.S. Code Title & Section __18__ : __2252A(a)(2) & (b)(1)__ ; __18__ : __2422(b)__

*Guidelines Manual* Edition Used: __2018__ (Note: The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

### INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.* *Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (See Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2G1.3(a)(3) | coercion/enticement of minor | 28 |
| 2G1.3(b)(3) | use of computer | +2 |
| 2G1.3(b)(4) | offense involved commission of a sex act or sexual contact | +2 |
|  |  |  |
|  |  |  |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.    Sum [ 32 ]

### 2. Victim-Related Adjustments (See Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".    § _____    [    ]

### 3. Role in the Offense Adjustments (See Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".    § _____    [    ]

### 4. Obstruction Adjustments (See Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".    § _____    [    ]

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.    [    ]

[ ] Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[✓] If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

## WORKSHEET B

# MULTIPLE COUNTS*

Defendant  SETH RYAN MOSE                          Docket Number  19-CR-20014

### INSTRUCTIONS

**STEP 1:** Determine if any of the counts group under §3D1.2(a)–(d) ("the grouping rules"). All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically: (1) counts grouped under §3D1.2(d); or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (*see* §3D1.2(a)). Explain the reasons for grouping:

_____

_____

_____

**STEP 2:** Using the box(es) provided below, for each group of "closely related counts" (*i.e.*, counts that group together under any of the four grouping rules), enter the highest adjusted offense level from Item 5 of the various Worksheets "A" that comprise the group. *See* §3D1.3. Note that a "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.

**STEP 3:** Enter the number of units to be assigned to each group (*see* §3D1.4) as follows:
- One unit (1) for the group of counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

**1. Adjusted Offense Level for the First Group of Counts**

Count number(s) 1 _____           | 1 |     _____ Unit

**2. Adjusted Offense Level for the Second Group of Counts**

Count number(s) 3 _____           | 0 |  1/2  Unit

**3. Adjusted Offense Level for the Third Group of Counts**

Count number(s) _____           | | _____ Unit

**4. Adjusted Offense Level for the Fourth Group of Counts**

Count number(s) _____           | | _____ Unit

**5. Adjusted Offense Level for the Fifth Group of Counts**

Count number(s) _____           | | _____ Unit

| | | 1.5  **Total Units** |

**7. Increase in Offense Level Based on Total Units** (See §3D1.4)

| 1 unit: | no increase | 2½ – 3 units: | add 3 levels |
|---------|-------------|---------------|--------------|
| 1½ units: | add 1 level | 3½ – 5 units: | add 4 levels |
| 2 units: | add 2 levels | More than 5 units: | add 5 levels |

| +1 |

**8. Highest of the Adjusted Offense Levels from Items 1–5 Above**

| 40 |

**9. Combined Adjusted Offense Level** (See §3D1.4)

Enter the sum of Items 7 & 8 here and on Worksheet D, Item 1.

| 41 |

*Note: Worksheet B also includes applications that are done "as if there were multiple counts of convictions," including: multiple-object conspiracies (see §1B1.2(d)); offense guidelines that direct such application (e.g., §2G2.1(d)(1) (Child Porn Production)); and stipulations to additional offenses (see §1B1.2(c)). Note also that these situations typically require the use of multiple Worksheets A.

# WORKSHEET C
# CRIMINAL HISTORY
## [Page 1 of 2]

Defendant SETH RYAN MOSE                     Docket Number 19-CR-20014

> Note: As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.

**Enter the Earliest Date of the Defendant's Relevant Conduct** September 2014
(The date of *the defendant's commencement of the instant offense*(s))

## 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an *adult*, for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior *adult or juvenile sentence* of confinement of *at least 60 days* not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior *adult or juvenile sentence* not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(d)(2)(B).

Note: Identify as **"adult"** any sentence exceeding one year and one month that resulted from an adult conviction.
A **release date** is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to *the defendant's earliest date of relevant conduct*, but release from confinement occurred within such 5-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

## 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of *at least 60 days* not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(e)(2).

Note: A **release date** is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant <u>SETH RYAN MOSE</u>     Docket Number <u>19-CR-20014</u>

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**3. Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2**

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.

**4. "Status" of Defendant at Time of Instant Offense**

**2 Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. *See* §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points**.

**5. Crimes of Violence**

**1 Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. *See* §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points**.

**4. Total Criminal History Points** (Sum of Items 3–5)

`0`

**5. Criminal History Category** (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

`I`

# WORKSHEET D
# DETERMINING THE SENTENCE
## [Page 1 of 4]

Defendant **SETH RYAN MOSE**                     Docket Number **19-CR-20014**

---

**1. Adjusted Offense Level** (From Worksheet A or B)

If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

> **41**

**2. Acceptance of Responsibility** (See Chapter Three, Part E)

Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".

> **– 3**

**3. Offense Level Total** (Item 1 less Item 2)

> **38**

---

**4. Criminal History Category** (From Worksheet A or C)

Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

> **I**

**5. Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

   **a. Offense Level Total**

   If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

>  

   **b. Criminal History Category**

   If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

>  

**6. Guideline Range from Sentencing Table**

Enter the applicable guideline range from Chapter Five, Part A, in months.

> **235** to **293**

**7. Restricted Guideline Range** (See Chapter Five, Part G)

If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

> **N/A** to

   ☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8. Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

   ☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

---

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant  SETH RYAN MOSE                          Docket Number  19-CR-20014

## 9.  Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐
### Zone A (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☐
### Zone B (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐
### Zone C (See §5C1.1(a) & (d))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☑
### Zone D (See §5C1.1(a) & (f))

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐  At least one year, but not more than five years if the offense level total is 6 or greater.

☐  No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant  SETH RYAN MOSE                                      Docket Number  19-CR-20014

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

### a. Imposition of a Term of Supervised Release:

[✓] Ordered because required by statute (See §5D1.1(a)(1)).

[ ] Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

[ ] Is **not** ordered although a sentence of more than one year is imposed, because it is not required by statute **and** the defendant likely will be deported after imprisonment (See §5D1.1(c)).

[ ] Ordered because it may be ordered in any other case (See §5D1.1(b)).

### b. Length of Term of Supervised Release

Check the Class of the Offense:

[ ] Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

[ ] Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

[ ] Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

[✓] If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

   5   years mandatory minimum term of supervised release

[✓] If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:

_____

_____

b. Enter whether restitution is statutorily mandatory or discretionary:

The court must order full restitution to the victim(s) of the offense(s) of conviction. (See 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

c. Enter whether restitution is by an order of restitution, or **solely** as a condition of supervision. Enter the authorizing statute:

_____

_____

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant SETH RYAN MOSE                          Docket Number 19-CR-20014

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

|  |  | Minimum | Maximum |
|---|---|---|---|
| a. | **Special Fine Provisions** | | |
| | ☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This ***does not*** include the general fine provisions of 18 USC § 3571(b)(2) & (d)). | | |
| | Enter the sum of statutory maximum fines for all such counts. | | $ |
| b. | **Fine Table (§5E1.2(c)(3))** Enter the minimum and maximum fines. | $50,000 | $500,000 |
| c. | **Fine Guideline Range** (Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))). | $50,000 | $500,000 |
| d. | **Ability to Pay** | | |
| | ☐ Check this box if the defendant does not have an ability to pay. | | |

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**                                                                    $5,200

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____

_____

_____

_____

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____

_____

_____

_____

Completed by Anca Pop                          Date 1/16/2019