# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Criminal No.: 19-CR-20014

v                                     HON. THOMAS L. LUDINGTON
                                     United States District Judge

Seth Ryan Mose,

        Defendant.
_____

## GOVERNMENT'S SENTENCING MEMORANDUM
_____

The United States of America, by and through its attorneys undersigned, hereby submits its sentencing memorandum. The United States disagrees with defendant's argument that a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) for distributing child pornography in exchange for valuable consideration does not apply to him. The enhancement applies. Moreover, based on all of the facts and circumstances of this case, the Government believes a sentence of 293 months in prison is sufficient but not greater than necessary to account for the nature, circumstances and seriousness of the offense, to promote respect for the law, provide just punishment, and protect the public from future crimes of defendant. 18 U.S.C. § 3553(a).

1

1. Background

Between February 2, 2018, and June 12, 2018, while living in or near Gladwin, Michigan, Eastern District of Michigan, Northern Division, Seth Ryan Mose knowingly distributed and received child pornography, as defined in Title 18, United States Code Section 2256, by using his computer, cellular telephone and the Internet. Searches of Mose's cellular telephone, laptop, and Dropbox, Google and Yahoo accounts revealed that Mose possessed, distributed or received approximately 387 photographs and 102 videos containing visual depictions of sexually explicit conduct involving minors. The images depicted children in various states of undress engaging in sexual acts, some with adults, or posing in a sexually suggestive manner, to include sadistic depictions, such that an outsider would perceive the images as depicting the infliction of pain or humiliation on the minors. A majority of the images depicted prepubescent children, infants and toddlers. Mose knew the material he possessed, received and distributed contained child pornography. According to the National Center for Missing and Exploited Children (NCMEC) records, at least 72 of the images contained an identified child.

He shared child pornography with other individuals on various social networks and chat rooms, using the Internet, his laptop and cellular telephone, in

exchange for other child pornography. In private Kik chats with other individuals, Mose stated he raped a 12-year-old and one or more 8-year-old girls and provided explicit details. He also often talked about planning to "snatch" a girl and take her to an isolated location in Gladwin for sexual exploitation. The plans were detailed enough that law enforcement was able to identify the location where he and another individual were planning to take potential "snatched" girls.

In a recorded interview on August 10, 2018, near his residence in Midland, Eastern District of Michigan, Mose admitted to possessing, receiving and sharing child pornography using his Dropbox, Yahoo, Google, Kik, Whisper, and Tumblr accounts. He noted he traded child pornography, but, after a while, it started to bother him what was going on and the conversations. He estimated his criminal conduct started several years ago, the number of child pornography files he had shared is in the thousands, and the number he had received is in the tens of thousands. He stated he regularly deleted his child pornography, and that several of his online accounts were disabled because of his illegal activity. He admitted to receiving and sharing child pornography while living in Gladwin and elsewhere from his cellphone, which connected to the Internet. Kik chats with other users also show that Mose traded/ distributed child pornography in exchange for other users sending him child pornography as well as to prove he is not law enforcement so that the other person

would send him child pornography. He also stated he masturbated to child pornography and his youngest age preference was 7 or 8.

Mose consented to a search of his Apple iPhone, Model A1661, Serial # FCJ30BAHFXW, Toshiba laptop Serial # 6E312867P with a 750 GB hard drive, and Western digital 320 GB hard drive Model WD3200BEK, Serial # WX90A99N9123. The iPhone and the laptop contained child pornography files, and the hard drive contained a torrent file entitled Teen.Lolitas that was located in the unallocated space on the device.

Mose also admitted to having sexual contact with a 12-year-old girl in Ohio in the fall of 2014, when he was 30 years old and resided in Monroe, in the Eastern District of Michigan. One of the individuals with whom he was trading child pornography on Kik found out where he lived and gave him a 12-year-old girl's Kik username because she lived close to him. Mose started communicating with the girl, hereinafter MV, on Kik and Skype, using his cellphone, computer and the Internet. In order to befriend MV, they talked about Goth art, and MV's favorite Animes and My Little Pony collection. Mose knew MV was only 12 years old, but sent her multiple pictures of his penis and requested nude pictures of MV. He claimed that although she had sent him many pictures of herself, he no longer had the device he used to communicate with her and the Kik account was disabled. After talking over

the Internet daily for approximately one to two weeks, Mose requested to see MV to show her some "stuff" in person. One night in September 2014, when her mother was not at home and her grandparents looked after her, Mose visited MV at her house in Ohio. Mose drove for approximately 2.5 hours from Monroe to MV's house, where he arrived at around 1 a.m. MV and Mose went in the horse pasture behind the barn at her residence. After talking for a while, Mose told MV he wanted to have sex and forced her head down, by grabbing her hair so forcefully that it bruised her scalp, to perform oral sex on him. Mose also took off her clothes and performed oral sex on her. He also tried to penetrate her vagina with his penis; he brushed the opening and slightly penetrated. After the sexual conduct, they talked for a little bit and he left. Mose messaged MV after this and said he did not want to talk to her anymore and deleted his Kik account. They never communicated again after that. Mose could have been charged with rape under the Ohio Revised Code § 2907.02(A)(1)(b), which provides that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies. . . (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."

### 2. Response to Defendant's Objection

Mose claims U.S.S.G. § 2G2.2(b)(3)(B) does not apply because he never agreed to distribute child pornography in exchange for any valuable consideration. He then alludes that peer-to-peer programs for file sharing may mandate file sharing in order to use the programs. Mose is incorrect as to both the facts of this case and the law.

U.S.S.G. § 2G2.2(b)(3)(B) provides for a five-level enhancement if the defendant distributed the child pornography material in exchange for any valuable consideration, but not for pecuniary gain. Application Note 1 states that "'[t]he defendant distributed in exchange for any valuable consideration' means the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child. U.S.S.G. § 2G2.2, app. n. 1. The Sixth Circuit held that "in order to apply the five-level enhancement under amended § 2G2.2(b)(3)(B), the government must show that the defendant: (1) agreed—either explicitly or implicitly—to an exchange with another person under which (2) the defendant knowingly distributed child pornography to that other person (3) for the specific purpose of obtaining something of valuable consideration (4) from that same other person. *United States v. Oliver*,

919 F.3d 393, 401-402 (6th Cir. 2019). The distribution must be part of that explicit or implicit agreement, *i.e.*, the defendant understands or believes—even if incorrectly—that his distribution is in pursuance of his obligation under the agreement. *Id*. Additionally, the defendant's distribution must be for the 'specific purpose' of receiving the valuable consideration. *Id*. And finally, although the distribution must be to the 'other person' with whom the defendant has 'agreed to an exchange,' the defendant need not have received the valuable consideration in order for the enhancement to apply. *Id*.

The above elements are met in this case. Mose admitted in his recorded interview that other people wanted to trade child pornography and that, after a while, it started to really bother him what was going on and the conversations. He admitted nonetheless that he traded and shared. In the factual basis of his plea agreement, Mose admitted he traded/shared child pornography with other individuals on various social networks and chat rooms, using the Internet, his laptop and cellular telephone, in exchange for other child pornography. "Other child pornographic material" constitutes valuable consideration under the sentencing guidelines. U.S.S.G. § 2G2.2, app. n. 1. The theory of this case does to rest on peer-to-peer file sharing programs, so Mose's reference to those is irrelevant. Kik (a social network/chat room app) chats with another user also show

that Mose traded/distributed child pornography with that user in exchange for the other user sending him child pornography, as well as to prove he is not law enforcement so that the other user would send him child pornography. In the chat bellow, Mose uses the user named Mr_Dominic_Black Mr. Dominic Black:



| 27 | dannyjacobs92 Dee Jay | | Incoming | Not much she's at that age where she's is likely to tell | Kik | 3/3/2018 | 3/3/2018 10:52:55 PM(UTC-5) | 3/3/2018 |
|---|---|---|---|---|---|---|---|---|
| 28 | Mr_Dominic_Black Mr. Dominic Black | | Outgoing | Ah ok. That makes sense. | Kik | 3/3/2018 | 3/3/2018 10:53:26 PM(UTC-5) | 3/3/2018 |
| 29 | dannyjacobs92 Dee Jay | | Incoming | But there's some pics of her ;p There's also my very very young niece I squirted in just so I could have the satisfaction of having done that 😊 and there's a 12 year old im chatting with that sends me vids occasionally | Kik | 3/3/2018 | 3/3/2018 10:54:33 PM(UTC-5) | 3/3/2018 |
| 30 | Mr_Dominic_Black Mr. Dominic Black | | Outgoing | Very nice. The niece sounds like what I'm really hoping for. You manage to fit a good amount of you in, or just the tip? | Kik | 3/3/2018 | 3/3/2018 10:55:54 PM(UTC-5) | 3/3/2018 |
| 31 | dannyjacobs92 Dee Jay | | Incoming | Would u like to see ? | Kik | 3/3/2018 | 3/3/2018 10:56:50 PM(UTC-5) | 3/3/2018 |
| 32 | Mr_Dominic_Black Mr. Dominic Black | Outgoing | Hell yeah, If you're willing to share. | Kik | 3/3/2018 | 3/3/2018 10:57:46 PM(UTC-5) | 3/3/2018 | 3/3/2018 10:57:46 PM(UTC-5) | Yes |
| 33 | dannyjacobs92 Dee Jay | Incoming | Gotta warn you it's very very young ... | Kik | 3/3/2018 | 3/3/2018 10:58:05 PM(UTC-5) | 3/3/2018 | 3/3/2018 10:58:05 PM(UTC-5) | Yes |
| 34 | Mr_Dominic_Black Mr. Dominic Black | Outgoing | That's not an issue at all to me. | Kik | 3/3/2018 | 3/3/2018 10:58:17 PM(UTC-5) | 3/3/2018 | 3/3/2018 10:58:17 PM(UTC-5) | Yes |
| 35 | dannyjacobs92 Dee Jay | Incoming | Do u still have anything left to trade to prove your genuine ? | Kik | 3/3/2018 | 3/3/2018 10:58:49 PM(UTC-5) | 3/3/2018 | 3/3/2018 10:58:49 PM(UTC-5) | Yes |
| 36 | Mr_Dominic_Black Mr. Dominic Black | Outgoing | I may, I'd have to look for it though. | Kik | 3/3/2018 | 3/3/2018 10:59:08 PM(UTC-5) | 3/3/2018 | 3/3/2018 10:59:08 PM(UTC-5) | Yes |
| 37 | dannyjacobs92 Dee Jay | Incoming | Ok but this stays between us | Kik | 3/3/2018 | 3/3/2018 10:59:36 PM(UTC-5) | 3/3/2018 | 3/3/2018 10:59:36 PM(UTC-5) | Yes |
| 38 | Mr_Dominic_Black Mr. Dominic Black | Outgoing | Yeah, no problem. | Kik | 3/3/2018 | 3/3/2018 10:59:52 PM(UTC-5) | 3/3/2018 | 3/3/2018 10:59:52 PM(UTC-5) | Yes |
| 39 | dannyjacobs92 Dee Jay | Incoming | | Kik | 3/3/2018 | 3/3/2018 11:02:57 PM(UTC-5) | 3/3/2018 | 3/3/2018 11:02:58 PM(UTC-5) | 38d97fd3-587f-46e0-8c25-ff6354fa732e | Yes |
| 40 | dannyjacobs92 Dee Jay | Incoming | | Kik | 3/3/2018 | 3/3/2018 11:03:03 PM(UTC-5) | 3/3/2018 | 3/3/2018 11:03:04 PM(UTC-5) | e9456b81-c139-4864-98dc-9829bd1d5392 | Yes |
| 41 | Mr_Dominic_Black Mr. Dominic Black | Outgoing | Very nice! | Kik | 3/3/2018 | 3/3/2018 11:03:33 PM(UTC-5) | 3/3/2018 | 3/3/2018 11:03:33 PM(UTC-5) | Yes |

9



After user dannyjacobs92 Dee Jay sent Mose three images containing child pornography, Mose, per their above-referenced agreement, traded an image of child pornography.



From the conversation above, it is clear that the elements of the enhancement are met on this occasion as well. Mose not only admitted to this other Kik user, dannyjacobs92 Dee Jay, that he was involved in trading child pornography in the past, but also had a discussion and an understanding with this "other person" regarding the contours --both implicit and explicit-- of the agreement. Mose's

distribution was part of the agreement, he "agreed to an exchange" with that "other person" child pornography in exchange for other child pornography. *Oliver*, 919 F.3d at 401.

### 3. Sentence Recommendation

Additional Kik chats show Mose confessed to other individuals that in addition to abusing the 12-year-old that is the subject of this indictment and guilty plea, he had also sexually abused/raped one or two 8-year-old girls. He described the events in very much detail, similarly to how he described to others the acts that are the object of the current indictment and guilty plea in reference to the 12-year-old victim. For example, in a conversation with another Kik user, Mose admitted to raping an 8 to 10-year-old before. He said he "was walking through the woods by where [he] used to live. There was a girl walking through all on her own. [He] saw the opportunity and went for it. Took her further and used her hard. .. she was like 8-10ish. Used her panties and a sock to gag her and her pants to tie her up." He claimed "[s]he fought hard as she could. She couldn't do much being tied after all." He then expressed that she did not enjoy it at all and he hoped she got pregnant, despite the fact that she was too young for that to be a possibility.

Moreover, he and another Kik user made detailed plans to kidnap a child and take her to a location in Gladwin for sexual exploitation. They talked about getting

together to look for a girl to snatch off the road and blindfold her. Early in the conversations, Mose claimed he did not have a place to live at that time (which he confirmed in his interview) and could not offer his place to hold the girl hostage. A few days later, he confirmed he found a place to live in Midland, but he lived there with other people (also confirmed in his interview). Mose stated that there were a good number of families in the area to choose their victim from. The other individual offered a "small cabin/shed on [his] property with a bed" they could use for the girl they would kidnap. Mose also claimed he knew of an abandoned house west of Gladwin on a dirt road, where "nobody would even know [they] were there with her. Just need to find a girl to snatch. Obviously, the younger the better…" The other user opined that "[m]aybe a little older so [they] can knock her up." Mose confirmed that "[e]ither way would be amazing. Rape is a lot of fun," that he preferred the "little ones." Mose and the other user also talked in great detail about how they would rape the "snatched" girl, and turn her into a source of babies they would use for their pleasure and to create a whole "incest harem." Law enforcement was able to identify the other individual and the proposed location.

A sentence of 293 months in prison is just and reasonable punishment in light of the nature and circumstances of the offense and the history and characteristics of defendant, which include his admitted sexual abuse/rape of multiple children, and

additional, prospective concrete plans to kidnap a child, take the child hostage and sexually abuse the child. Mose poses a significant danger to the public.

For these reasons, the United States respectfully asks this Court to reject defendant's objections and impose a sentence of 293 months in prison.

                                          Respectfully submitted,

                                          Matthew Schneider
                                          United States Attorney

Dated: September 11, 2019        s/ Anca I. Pop
                                          Assistant United States Attorney
                                          101 First Street, Suite 200
                                          Bay City, MI   48708
                                          Ph: (989) 895-5712
                                          Fax: (989) 895 5790
                                          anca.pop@usdoj.gov
                                          P70032

## CERTIFICATE OF SERVICE

     I hereby certify that on September 11, 2019, the foregoing document was electronically filed by an employee of the United States Attorney's Office with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: John Melton, Attorney for Defendant.

                                          s/ Anca I. Pop
                                          Assistant United States Attorney